IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELAWARE MARKETING PARTNERS,
LLC, a Delaware limited liability company,

                Plaintiff              CA No.:  04-263

         v.                           JUDGE McLAUGHLIN AND
                                          MAGISTRATE JUDGE
CREDITRON FINANCIAL SERVICES,       SUSAN PARADISE BAXTER
INC, a Pennsylvania corporation, and,
TELATRON MARKETING GROUP,         TRIAL BY JURY DEMANDED
INC., a Pennsylvania corporation,

                                          **Electronically Filed**
                Defendants

**BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
AND IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL DISCOVERY**

     AND NOW, comes Plaintiff, Delaware Marketing Partners, LLC, by and through its attorneys, Dickie, McCamey & Chilcote, P.C., and files the following Brief as follows:

**I.    FACTS PERTAINING TO THE MOTION TO COMPEL DISCOVERY**

     On May 26, 2006, Defendants filed a Motion to Compel seeking to obtain proprietary information redacted by Plaintiff in response to certain discovery requests.  The information requested by Defendants in their Motion to Compel is selection criteria, codes and parameters created, determined and supplied by Plaintiff to Choice Point, a company that retrieves and stores credit data from various credit agencies, for the purpose of obtaining lists of individuals from Choice Point to be used in telemarketing and mail solicitations.  Defendants claim that a review of this data is necessary to determine the cause of alleged decline in the quality of lists provided by Choice Point and sent to Defendants.

Plaintiff has expertise in developing, creating, and determining criteria, codes and parameters to obtain lists of individuals to be used in telemarketing and mail solicitations, and specifically individuals who would be interested consolidating existing student loans. On the other hand, Defendants conceded in discovery that they do not have expertise in managing credit bureau relationships or determining the criteria and codes utilized to target, or otherwise obtain the identity of, certain individuals who would be interested in consolidating existing student loans. Further, Defendants are direct competitors of Plaintiff.

**II.    ARGUMENT**

Providing the redacted proprietary information to a direct competitor, such as Defendants, will harm Plaintiff and place it at a commercial disadvantage. Disclosure of such information as requested by Defendants in this action is not permitted. <u>Miles v. The Boeing Company</u>, 154 F.R.D. 112, 114 (3d Cir. 1994) (subject matter of confidential business information is broad, and includes a wide variety of business information); <u>Duracell, Inc. v. SW Consultants, Inc.</u>, 126 F.R.D. 576 (N.D. Ga. 1989) (courts have consistently held that marketing information is confidential commercial information; court protected marketing data as confidential until it was determined to be necessary for the litigation).

In an effort to respond to Defendants' Motion to Compel, but without waiving Plaintiff's objections and the confidential nature of the redacted information, Plaintiff is describing the nature of the changes in the selection criteria with respect to obtaining lists of individuals provided to Defendants. This information enables Defendants to understand the changes in the selection criteria that occurred over time, thereby permitting them to defend against Plaintiff's claims in this matter. However, the confidential nature of the information remains protected.

Lists provided by Plaintiff to Defendants were credit bureau extracts created by Choice Point based on the criteria supplied by Plaintiff. The initial lists were sourced only from Experian, which was the first credit bureau to approve Defendants with signed contracts in place. Over time, there were some modifications in the criteria provided by Plaintiff to Choice Point, but the criteria always included the combinations of minimum aggregate student loan amount and minimum number of open student loans. Based on Defendants' contract with Brazos, Plaintiff's initial criteria was limited to higher student loan balance ranges.

Specifically, changes in the section criteria occurred over time. In February of 2003, Plaintiff changed its criteria for list order PDA_009. Because Defendants insisted that all prior campaigns were to be suppressed from the order, Plaintiff selectively lowered the minimum number of student loans from 4 to 3 in order to obtain sufficient leads for Defendants.

List order PDA_011 suppressed the prior two campaigns and a list of records supplied by Defendants. The universe within the Experian database in the higher student loan balance range was previously provided by Plaintiff to Defendants in earlier lists. As a result, Plaintiff decided not to suppress all prior campaigns and used criteria that would include names from the early lists but not the last two campaigns. Plaintiff also lowered the minimum number of student loans from 3 to 2 in order to obtain sufficient leads for Defendants.

Subsequent list orders included suppression of some prior campaigns and a suppression file provided by Defendants. For example, list order PDA _013 and list order PDA_015 were sourced from Trans Union. For these list orders, Plaintiff lowered the minimum student loan balance criteria to $10,000 in order to demonstrate to Defendants that there was a larger market by including lower student loan balance ranges. However, the final selections were made from balance ranges greater than $35,000.

In April of 2003, Sallie Mae stopped reporting to Trans Union, resulting in a significantly smaller universe. PDA_015 was ordered after PDA _013 but was from a copy of the Trans Union file that had been provided with the Sallie Mae data. The order was placed to capture the additional eligible population, as it would be the last time the data from Sallie Mae would be available on the Trans Union files.

Other specific changes in the selection criteria also occurred. For Defendants' second mail campaign, Plaintiff changed the criteria by reducing the geographical universe to maximize postal discounts. For list order PDA_021, the criteria included 3 or more student loans. The criteria for list order PDA_024 increased the minimum loan balance from $35,000 to $40,000 based on instructions from Defendants.

Further, list order PDA_028 was based on an Equifax sourced list that included new criteria to identify Sallie Mae loans. By August of 2003, Sallie Mae was only reporting to Equifax and the records were not reported as student loans. List order PDA_039 lowered the minimum student loan balance to $30,000 and the minimum number of student loans to 2. Thereafter, subsequent orders had a $30,000 minimum balance requirement and a minimum of 2 loans.

Based upon the forgoing discussion of the changes in the selection criteria, and the harm that would be caused by disclosure of the confidential proprietary data, this Court should deny Defendants Motion to Compel and grant Plaintiff's Motion for Protective Order.

Finally, Defendants have sent subpoenas to third parties that include requests for the proprietary information. Plaintiff requests that Defendants not review this information until the Court rules upon this Motion for Protective Order.

                    Respectfully submitted,

                    DICKIE, McCAMEY & CHILCOTE, P.C.

                    By     /s/ Steven W. Zoffer
                        Steven W. Zoffer, Esq.
                        PA. I.D. #62497
                        szoffer@dmclaw.com
                        Brett W. Farrar, Esq.
                        PA. I.D. #79217
                        bfarrar@dmclaw.com

                    Two PPG Place, Suite 400
                    Pittsburgh, PA  15222-5402
                    (412) 281-7272 Telephone
                    (412) 392-5367 Fax

                    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copies of the foregoing **BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY** has been served this 1st day of June, 2006, by Facsimile and U.S. first-class mail, postage prepaid, to counsel of record listed below:

    Craig A. Markham, Esquire
    Elderkin, Martin, Kelly & Messina
    150 East Eighth Street
    Erie, PA  16501-1819
    *Counsel for Defendants*

    Charles Snyderman, Esquire
    Charles Snyderman, P.A.
    Stoney Batter Office Building
    5301 Limestone Road, Suite 214
    Wilmington, DE  19808

    DICKIE, McCAMEY & CHILCOTE, P.C.

    By    /s/ Steven W. Zoffer
        Steven W. Zoffer, Esq.
        PA. I.D. #62497
        szoffer@dmclaw.com
        Brett W. Farrar, Esq.
        PA. I.D. #79217
        bfarrar@dmclaw.com

    Two PPG Place, Suite 400
    Pittsburgh, PA  15222-5402
    (412) 281-7272 Telephone
    (412) 392-5367 Fax

    Attorneys for Plaintiff