UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAWARE MARKETING PARTNERS, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff | ) | C.A. No.: 04 - 263 Erie |
| | ) | |
| v. | ) ) | Judge McLaughlin Magistrate Judge Baxter |
| CREDITRON FINANCIAL SERVICES, INC., a Pennsylvania corporation, and TELATRON MARKETING GROUP, INC., a Pennsylvania corporation, | ) ) ) ) | |
| Defendants | ) | TRIAL BY JURY DEMANDED |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

AND NOW, the Defendants, by and through their attorneys, ELDERKIN, MARTIN, KELLY & MESSINA, file the following Motion for Protective Order, respectfully representing as follows:

INTRODUCTION

1. On or about June 1, 2006, the Plaintiff issued three (3) non-party subpoenas duces tecum. These subpoenas were issued to Direct Main Credit Data, Inc., d/b/a ChoicePoint Precision, to Brazos Student Finance Corporation and to AES/PHEAA. Copies of the three subpoenas are attached hereto.

2. These subpoenas should be quashed and/or should be limited in their scope because they are overly broad and improperly seek the production of confidential and proprietary information which has no relevance, or very limited relevance, to the issues in this case.

CHOICEPOINT SUBPOENA

3. ChoicePoint is the company which sold to Plaintiff the customer lists which are at issue in this litigation. After the contract between the Plaintiff and Defendants ended on January 9, 2004, the Defendants began buying customer lists directly from ChoicePoint. Attached hereto is a copy of Plaintiff's letter of termination dated January 9, 2004.

4. The subpoena directed to ChoicePoint demands the production of the following:

> All written and electronic communications to, and received from, Academic Lending Center, Creditron and/or Telatron relating to Academic Lending Center's, Creditron's and/or Telatron's non-payment or late payment of invoices from ChoicePoint, and the reasons for such late payment or non-payment.

5. This document request is unlimited with reference to any time frame and, as such, it would require the production of documents well beyond the effective dates of the contract between the Plaintiff and the Defendants. The contract was effective from September 1, 2002 until January 9, 2004.

6. The Defendants continued to conduct business with ChoicePoint after January 9, 2004. Issues relating to late payment or non-payment <u>after</u> January 9, 2004 are not relevant to the issues raised in this litigation. Moreover, to the extent these documents may have some limited relevance, which is denied, this tangential relevance is clearly outweighed by the confidential and proprietary nature of the information requested.

7. Moreover, the documents requested may contain valuable customer information and/or customer lists, including current customers, which are proprietary and highly confidential. The release of customer information and/or customer lists to Plaintiff, who is now a direct competitor of Defendants, would cause substantial harm to Defendants.

<u>BRAZOS SUBPOENA</u>

8. Brazos is a lender for whom Defendants secured loan consolidation customers by using the customer lists produced by ChoicePoint. Detailed customer information and data was exchanged, and continues to be exchanged, between Defendants and Brazos. After the contract between the Plaintiff and Defendants ended on January 9, 2004, Defendants continued to secure loan consolidation customers for Brazos and continued to be paid by Brazos.

9. The subpoena issued to Brazos Student Finance Corporation demands the production of the following documents:

> All documentation, including electronic documentation, regarding all funds and/or monies that Brazos wired to Academic Lending Center, Creditron and/or Telatron between September 11, 2002 and September 1, 2004 relating to student loan consolidation.

10. This document request seeks the production of records well beyond the termination date of the contract between the Plaintiff and Defendants, *i.e.* beyond January 9, 2004. The funds received by the Defendants <u>after</u> the contract termination date are not relevant to the issues raised in this litigation. Defendants have already produced documents related to the receipt of funds from Brazos during the duration of the contract with the Plaintiff. To the extent there is any claim that records relating to receipts <u>after</u> the contract with Plaintiff was terminated, such tangential relevance is outweighed by the confidential and proprietary nature of the records demanded.

11. Moreover, the documents requested may contain valuable customer information and/or customer lists, including current customers, which are proprietary and highly confidential. The release of customer information and/or customer lists to Plaintiff, who is now a direct competitor of Defendants, would cause substantial harm to Defendants.

AES/PHEAA SUBPOENA

12. AES/PHEAA is a company which services the subject consolidation loans for Brazos. Detailed customer information and data was exchanged between Defendants and AES/PHEAA. As is the case with Defendants' relationship with Brazos, Defendants continued to work with AES/PHEAA after the January 9, 2004 termination of the contract with Plaintiff.

13. The subpoena issued to AES/PHEAA demands the following documentation:

> All electronic data files evidencing or otherwise showing all loans presented by Academic Learning Center, Creditron and/or Telatron to AES/PHEAA for funding including name, address, loan amounts and whether the loan funded or not. Please provide the data as a, delimited text file with accompanying layout on a CD, as size permits.

14. This document request is made without any reference to a specific time frame and would require production of documents well beyond the termination of the contract between the Plaintiff and the Defendants on January 9, 2004. After January 9, 2004, and through the present time, the Defendant continued to conduct business with AES/PHEAA and to exchange highly confidential customer list information. Plaintiff is a direct competitor of Defendants and the production of the documents requested by Plaintiff would require the release of highly confidential customer list information which would significantly harm and/or damage the Defendants' competitive position in the marketplace.

CONCLUSION

15. Based upon the foregoing, the Defendants respectfully request that this Honorable Court issue an order quashing and/or limiting the subpoenas.

WHEREFORE, the Defendants respectfully request that this Honorable Court issue an order quashing the subpoenas or limiting the subpoenas.

          Respectfully submitted,

          ELDERKIN, MARTIN, KELLY & MESSINA

By  /s/ Craig A. Markham, Esquire
    Craig A. Markham, Esquire
    Attorney for Defendants
    150 East Eighth Street
    Erie, Pennsylvania 16501
    (814) 456-4000