IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE MARKETING PARTNERS, LLC, a Delaware limited liability company, | |
| Plaintiff | CA No.: 04-263 |
| v. | JUDGE McLAUGHLIN AND MAGISTRATE JUDGE SUSAN PARADISE BAXTER |
| CREDITRON FINANCIAL SERVICES, INC, a Pennsylvania corporation, and, TELATRON MARKETING GROUP, INC., a Pennsylvania corporation, | TRIAL BY JURY DEMANDED |
| | **Electronically Filed** |
| Defendants | |

**MOTION TO PRECLUDE TESTIMONY OF ALFRED COVATTO**

AND NOW, comes Delaware Marketing Partners, LLC, (hereinafter Delaware Marketing Partners) by and through its attorneys, Dickie, McCamey & Chilcote, P.C., and files this Motion as follows:

1. Plaintiff, Delaware Marketing Partners, filed this lawsuit which involves a contract dispute arising out of certain revenues associated with a student loan origination and marketing agreement entered into between the parties.

2. Over the past seven months, Delaware Marketing Partners has been attempting to resolve this matter through settlement negotiations, and also has been attempting to take the deposition of Creditron's/Telatron's key witness to address the issues in this case. Delaware Marketing Partners' efforts have been thwarted by the refusal of Alfred Covatto, Creditron's/Telatron's Chief Executive Officer, to participate in either. Delaware Marketing

Partners has been told, both in deposition and before the Court, that Mr. Covatto is the only person in the organization who is sufficient to bind the Defendant corporations on material issues in the case.

       3.      Delaware Marketing Partners has been seeking the deposition of Mr. Covatto since the inception of this litigation.  Delaware Marketing Partners was told that Mr. Covatto could not participate due to health concerns.

       4.      Delaware Marketing Partners ultimately served a notice of deposition regarding Mr. Covatto for the deposition to occur on May 31, 2006 due to impending discovery deadlines. Delaware Marketing Partners was advised that Mr. Covatto was in poor health and that the deposition would not occur.  However it was agreed that it would be best to attempt to resolve the matter, that mediation before Judge McLaughlin should occur, and the Mr. Covatto could likely participate in a meditation.

       5.      Mediation was scheduled before Judge McLaughlin to occur on June 27, 2006. One day before the mediation, on June 26, 2006, Mr. Covatto's counsel indicated to the Court that Mr. Covatto could not participate in the mediation and the mediation did not proceed. Delaware Marketing Partners incurred expense related to airline tickets as a result of preparing to travel to Erie, Pennsylvania to attend the mediation.

       6.      Thereafter, Delaware Marketing Partners, upon belief that Mr. Covatto was using his health as a shield to evade participating in this matter, hired an investigator and found that Mr. Covatto went to work on a daily basis, carried boxes, walked steps, pumped gas, and traveled by car to/from Erie, Pennsylvania and Pittsburgh, Pennsylvania.

7. As a result of conveying this information to Judge McLaughlin during a status conference on August 24, 2006, Judge McLaughlin ordered that a settlement/mediation conference be held on September 18, 2006 and that Mr. Covatto attend and participate in the conference.

8. On September 18, 2006, three representatives of Delaware Marketing Partners, as well as national counsel and local counsel for Delaware Marketing Partners, arrived at Judge McLaughlin's chambers to participate in the settlement/mediation conference. Only after arriving at the courthouse on the morning of the conference did Delaware Marketing Partners find out that Mr. Covatto would not participate in the conference and that he checked himself into the hospital the evening before the conference. This, again, caused Delaware Marketing Partners to incur costs and expenses resulting from traveling to Erie, Pennsylvania from Delaware.

9. Delaware Marketing Partners is continuing its efforts to depose Mr. Covatto, as well as several other Creditron/Telatron witnesses, including a 30(b)(6) witness. Due to the failure of Mr. Covatto to previously participate in this matter, Judge McLaughlin stated that national counsel, Mr. Snyderman, would not need to travel to Erie, Pennsylvania from Delaware more than one time to depose the Defendants' witnesses.

10. Discovery in this matter is scheduled to close November 20, 2006. According to Judge McLaughlin, this is a firm deadline. Counsel for Delaware Marketing Partners contacted counsel for Creditron/Telatron to schedule the deposition of Mr. Covatto and other witnesses before the close of discovery and consistent with the Court's understanding. Delaware Marketing Partners' counsel provided five alternative dates for deposition. Creditron/Telatron's

3

counsel indicated that possibly Mr. Covatto could be deposed on November 20, 2006, the last day of discovery. However, Creditron/Telatrons' counsel was not available on that date. Delaware Marketing Partners' counsel inquired whether Mr. Covatto could be available on another earlier date, but was told that it is better to wait for a later date due to health reasons.

11. Delaware Marketing Partners has a right to depose Mr. Covatto, the key witness in this dispute, sufficiently before the close of discovery because there may be additional follow up discovery resulting from his deposition. Delaware Marketing Partners would be prejudiced if it were required to depose Mr. Covatto on or about the last day of discovery or after the close of discovery. In addition, Delaware Marketing Partners is not satisfied that Mr. Covatto would, in fact, appear and participate in a deposition given his prior actions in this case.

12. For the above noted reasons, Delaware Marketing Partners requests that this Court enter an Order precluding the testimony of Alfred Covatto at trial.

WHEREFORE, Delaware Marketing Partners respectfully requests that this Honorable Court enter an Order precluding the testimony of Alfred Covatto at trial.

> Respectfully submitted,
> DICKIE, McCAMEY & CHILCOTE, P.C.
>
> By     s/ Brett W. Farrar
>     Steven W. Zoffer, Esq.
>     PA. I.D. #62497
>     szoffer@dmclaw.com
>     Brett W. Farrar, Esq.
>     PA. I.D. #79217
>     bfarrar@dmclaw.com
>
> Two PPG Place, Suite 400
> Pittsburgh, PA  15222-5402
> (412) 281-7272 Telephone
> (412) 392-5367 Fax
> Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing **MOTION TO PRECLUDE TESTIMONY OF ALFRED COVATTO** has been served this 7th day of November, 2006, through the Court's electronic delivery system to the counsel listed below:

Craig A. Markham, Esquire
Elderkin, Martin, Kelly & Messina
150 East Eighth Street
Erie, PA  16501-1819
*Counsel for Defendants*

Charles Snyderman, Esquire
Charles Snyderman, P.A.
Stoney Batter Office Building
5301 Limestone Road, Suite 214
Wilmington, DE  19808

DICKIE, McCAMEY & CHILCOTE, P.C.

By  s/ Brett W. Farrar
Steven W. Zoffer, Esq.
PA. I.D. #62497
szoffer@dmclaw.com
Brett W. Farrar, Esq.
PA. I.D. #79217
bfarrar@dmclaw.com

Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
(412) 281-7272 Telephone
(412) 392-5367 Fax

Attorneys for Plaintiff