UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAWARE MARKETING PARTNERS, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff | ) | C.A. No.: 04 - 263 Erie |
| | ) | |
| v. | ) ) | Judge McLaughlin Magistrate Judge Baxter |
| CREDITRON FINANCIAL SERVICES, INC., a Pennsylvania corporation, and TELATRON MARKETING GROUP, INC., a Pennsylvania corporation, | ) ) ) ) | |
| Defendants | ) | TRIAL BY JURY DEMANDED |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
MOTION TO PRECLUDE TESTIMONY OF ALFRED COVATTO**

AND NOW, the Defendants, by and through their attorneys, ELDERKIN, MARTIN, KELLY & MESSINA, file the following Response in Opposition to Motion to Preclude Testimony of Alfred Covatto, respectfully representing as follows:

1. Admitted in part. The disputes in this action are (a) whether the Plaintiff fulfilled its contractual obligations entitling it to any payment from the Defendants, (b) whether the Plaintiff fraudulently induced the Defendants into entering into the subject contract, (c) whether the parties' contract can be rescinded due to a mutual mistake of fact, and (d) whether the Plaintiff breached the non-compete and confidentiality provisions of the parties' contract.

2. Denied. The Plaintiff has not made any settlement proposal. It is further denied that Mr. Alfred Covatto has refused to cooperate in any settlement discussions or that he has refused to cooperate in the scheduling of the depositions of "key witnesses." Mr Covatto has suffered from, and continues to suffer from medical conditions which have rendered unable to submit to deposition and which have rendered him unable to attend all of the court's conferences. It is further denied that Mr. Covatto is the only person who may bind the Defendants "on material issues."

3. It is correct to state that since May, 2006, Mr. Covatto has been suffering from serious and life-threatening health problems which have reasonably justified the rescheduling of the May 31, 2006 deposition.

4. Admitted.

5. It is admitted that Mr. Covatto's medical condition deteriorated to the point that he required emergency treatment at Hamot Medical Center. On June 23, 2006, defense counsel informed the Court, and counsel for the Plaintiff, of Mr. Covatto's hospitalization. A copy of the June 23, 2006 letter is attached hereto and incorporated herein as Exhibit A.

6. Denied as stated. The Plaintiff has offered absolutely no proof of these allegations despite the Defendants' request that the Plaintiff do so. In fact, the Plaintiff's description of its supposed surveillance conducted by some yet-to-be identified investigator has

changed over time. For instance, on or about August 23, the Plaintiff informed the Court that its investigator supposedly had observed Mr. Covatto travel to work on a single occasion (not "daily"), that Mr. Covatto was walking with the assistance of a cane and that he had traveled to Pittsburgh for a visit with his medical specialist. Even this snapshot hardly paints the picture of a man who is "using his health as a shield to evade participating in this matter." The Defendants again call for the Plaintiff to produce its alleged investigator for questioning under oath and produce all of the investigator's supposed reports so that this issue may finally be put to rest.

7. It is admitted that the Court scheduled a status conference for September 18, 2006 but it is denied that the conference was set as the result of any information provided by Plaintiff's alleged investigator.

8. Admitted in part. On Sunday, September 17, 2006, Mr. Covatto's medical condition deteriorated to the point that he was taken to the emergency room of Hamot Medical Center. The emergency room physicians admitted him to the hospital where he remained an in-patient for a number of weeks. Shortly after Mr. Covatto went to the emergency room on Sunday, his office called the office of defense counsel and left a voice mail message regarding his then-current status. When defense counsel arrived at his office on Monday morning, September 18, 2006, he thus learned of Mr. Covatto's emergency room visit on Sunday. However, counsel did not have any updated information at that point regarding the issue of whether Mr. Covatto had been admitted to the hospital or, if he had not been admitted, whether he was physically able to participate in the conference scheduled that day. Later in the morning on September 18,

defense counsel learned of Mr. Covatto's admission to the hospital on Sunday and of his poor medical condition.  At that time, counsel immediately faxed a letter to the judge and to Plaintiff's counsel reporting the same.  Unfortunately, by that point in time, Plaintiff's counsel and Plaintiff's representatives apparently were en route to Erie.  It is regretted that the information could not have been conveyed at an earlier point in time, but defense counsel did all that he could within the short period of time available.

        9.  Admitted.  It is understood that Plaintiff's Delaware counsel would want to coordinate these depositions so as to minimize his travel expenses.  Unfortunately, Plaintiff's decision to employ counsel in Delaware creates the likelihood of travel expenses which would not be incurred if counsel from Erie had been retained.  Reasonable accommodations have been made, and will be made, for the scheduling of depositions.  All parties agree that they should work together to avoid unnecessary escalation of costs.

        10.  Admitted in part.  In late October, 2006, Plaintiff's counsel proposed the dates of November 8, 10, 13, 14 and 20 for the depositions of four individuals employed by the Defendants, including Mr. Covatto.  These, and other dates, are open for all of these witnesses.  However, defense counsel has a court hearing currently set for November 20 and would be unavailable on that particular date.  Based upon the fact that Mr. Covatto is still recovering from his medical condition, it was *suggested* that his deposition be scheduled as late as possible so as to provide the greatest likelihood that he would be medically able to participate.  Defense counsel even suggested that Mr. Covatto would be available and would have no objection to scheduling

the deposition sometime during the week of November 27, 2006 so as to avoid the Thanksgiving holidays. It appeared to defense counsel that the parties were working together to reach a reasonable deposition schedule, but Plaintiff then filed its motion seeking to exclude Mr. Covatto's trial testimony.

11. Admitted. It is admitted that the Plaintiff has a right to depose Mr. Covatto and the Defendants are willing to make Mr. Covatto available either before or after the discovery deadline. As to whether the Plaintiff will claim a need for more discovery after Mr. Covatto's deposition, this is a matter which is beyond the Defendants' information or knowledge. However, it was the Plaintiff who had suggested November 20 as an acceptable date for Mr. Covatto's deposition. It would appear that Plaintiff's rejection of Defendants' suggestions regarding the scheduling of Mr. Covatto's deposition reflects strategic gamesmanship rather than a genuine interest in conducting legitimate discovery.

WHEREFORE, the Defendants respectfully request that this Honorable Court issue an order denying the Plaintiff's motion to preclude the trial testimony of Mr. Alfred Covatto.

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA


By  /s/ Craig A. Markham

    Craig A. Markham, Esquire
    Attorney for Defendants
    150 East Eighth Street
    Erie, Pennsylvania 16501
    (814) 456-4000

6.