IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELAWARE MARKETING PARTNERS,
LLC, a Delaware limited liability company,

          Plaintiff          CA No.: 04-263

    v.                         JUDGE McLAUGHLIN AND
                               MAGISTRATE JUDGE
CREDITRON FINANCIAL SERVICES,     SUSAN PARADISE BAXTER
INC, a Pennsylvania corporation, and,
TELATRON MARKETING GROUP,       TRIAL BY JURY DEMANDED
INC., a Pennsylvania corporation,

          Defendants

ANSWERS TO
**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANTS**

COMES NOW, the Plaintiff, DELAWARE MARKETING PARTNERS, LLC, by and through counsel, and herewith files and serves upon Defendants, CREDITRON FINANCIAL SERVICES, INC. and TELATRON MARKETING GROUP, INC., the following INTERROGATORIES AND REQUESTS FOR PRODUCTION to be answered by Defendants under oath and within thirty (30) days in accordance with the Rule 33(b) of the Federal Rules of Civil Procedure.

1. Please state whether any legal action, including but not limited to: civil or criminal complaint, action for declaratory or injunctive relief, or writ of summons, has been initiated against any of the following entities within the last five years:

        Creditron Capital Corporation
        Creditron Financial Corporation
        Creditron Financial Services, Inc.
        Academic Lending Center
        Telatron Marketing Group, Inc.

**ANSWER:** Objection. This interrogatory requests information which is not properly within the scope of permissible discovery and it is otherwise burdensome, oppressive and not likely to lead to the discovery of admissible evidence. (Continued on attached sheet)

E

1.  Continued. Moreover, the information requested would be available in the public records and thus could be obtained by the Plaintiff from other sources. Without waiving these objections, to the extent currently known to the Defendants, there were no such actions filed within the time frame identified.

2. If the answer to the above Interrogatory is in the affirmative, for each legal action initiated against the above entities, please state:

    a. The State and County where filed;

    b. The named parties;

    c. The court docket number;

    d. The current disposition of the legal action;

    e. Whether the parties have entered into any settlement agreements. If so, please provide a copy of the same.

**ANSWER:** See answer to 1 above.

3. Please provide all documents which evidence and/or show the alleged decline in performance of the leads supplied by Plaintiff.

**ANSWER:** See documents previously provided in response to discovery requests.

4. Please provide all documents that refer to, or otherwise reflect, communications from Defendants to Plaintiff regarding or relating to Plaintiff engaging in non-direct mail advertising.

**ANSWER:** All documents currently possessed by the Defendants which are responsive to this request, have been provided in response to prior discovery requests.

5. Please provide all documents that evidence, refer to, outline, show or otherwise reflect projections prepared by, or on behalf of, Academic Lending Center from the time it first discussed student loan consolidations with Plaintiff through the date a contact was executed, including but not limited to projections prepared internally, as well as prepared by Plaintiff.

**ANSWER:** Defendants have not been able to locate any documents which are responsive to this request.

6. Please provide all reports showing information with respect to calls made by Academic Lending Center representatives on a daily, weekly and monthly basis beginning on September 11, 2002 and ending on January 9, 2004, including but not limited to information regarding the person called, the time of the call, and the results of the call.

**ANSWER:** Objection. This interrogatory requests information which is not properly within the scope of permissible (continued)

2

6. Continued. discovery and it is otherwise burdensome, oppressive and not likely to lead to the discovery of admissible evidence. The requested raw information regarding all calls made has no relevance to the Plaintiff's claims that Defendants owe Plaintiff money from student loan consolidations which were actually funded. This interrogatory also seeks information regarding calls made after the Plaintiff terminated the contractual relationship with Defendant. Moreover, Defendant does not preserve the information requested in a format which would permit production of the information more than 2 years later. Furthermore, the type of information requested is confidential and proprietary information in the nature of customer lists.

7. Please provide an organizational chart showing the corporate structure and relationship of the following companies:

> Creditron Capital Corporation
> Creditron Financial Corporation
> Creditron Financial Services, Inc.
> Academic Lending Center
> Telatron Marketing Group, Inc.

**ANSWER:** ```Defendant does not have such a document.```

8. Please produce all documents, including e-mails, reflecting communication to and/or from Defendants' financial control group, as well as Joyce Covatto, relating to funds received from Brazos and the disbursement of those funds.

**ANSWER:** ```All documents which have been located and identified as
responsive to this request have been produced by Defendants in response
to Plaintiff's prior discovery requests.```

9. Please identify the amount and method of payment for all loans generated between January 9, 2004 and September 1, 2004 from lists provided by Plaintiff to Defendants.

**ANSWER:** ```Objection.  The Plaintiff has not identified the "loans"
regarding which it seeks information.  (continued).```

10. Please provide the agreement between Defendants and Sun Trust Bank, or any of its affiliates and/or subsidiaries, relating to any student loan consolidation work performed by Defendants between September 11, 2002 and January 9, 2004.

**ANSWER:** ```Objection.  This interrogatory requests information
which is not properly within the scope of permissible discovery and it
is otherwise burdensome, oppressive and not likely to lead (continued)```

11. Please provide all documents relating to any student loan consolidation work performed by Defendants between September 11, 2002 and January 9, 2004 for Sun Trust Bank, or any of its affiliates and/or subsidiaries, with respect to information pertaining to calls made including the person called, the time of the call, and the results of the call.

**ANSWER:** ```Objection.  This interrogatory requests information
which is not properly within the scope of permissible discovery and it
is otherwise burdensome, oppressive and not likely to lead to the
discovery of admissible evidence.  Furthermore, the type of information
requested is confidential and proprietary information.```

3

9.  Continued. The Plaintiff has no valid claim to payment from work and efforts Defendant expended after Plaintiff terminated the parties' contractual relationship as of January 9, 2004 and therefore, Defendants object to the request for information relating to receipts beyond that date. Plaintiff clearly has no valid claim for payment for the work performed and the gross income received by Defendant after the Plaintiff terminated the contract with Defendant. Defendant has produced documents and records which reflect the gross income received up to the point of Plaintiff's termination of the parties' contract. Defendant's current records do not permit it to accurately trace any particular receipt of funds received after that date, back to any particular list which had been supplied from ChoicePoint during the time frame identified in this interrogatory. Furthermore, the type of information requested is confidential and proprietary information.

10. Continued. to the discovery of admissible evidence. Furthermore the type of information requested is confidential and proprietary information.

12. Please provide the 32 point processing plan referred to in the Agreement between Plaintiff and Defendants.

**ANSWER:** Defendants currently do not possess any such document.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By _____
Steven W. Zoffer, Esq.
PA. I.D. #62497
szoffer@dmclaw.com
Brett W. Farrar, Esq.
PA. I.D. #79217
bfarrar@dmclaw.com

Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402

(412) 281-7272
Attorneys for Plaintiff


Answers respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA

By _____
Craig A. Markham, Esquire
Attorney for Defendants
150 East Eighth Street
Erie, Pennsylvania 16501
(814) 456-4000

4