# Charles Snyderman, P.A.
ATTORNEY AT LAW
STONEY BATTER OFFICE BUILDING
5301 LIMESTONE ROAD, SUITE 214
WILMINGTON, DELAWARE 19808

Phone: (302) 239-1140
Fax: (302) 239-2124

Please Visit Our Website:
www.lawyers.com/snyderman

September 8, 2006

*VIA FACSIMILE*

Craig A. Markham, Esquire
Elderkin, Martin, Kelly & Messina
150 East Eighth Street
Erie, PA 16501-1269

   RE: Delaware Marketing Partners, LLC v. Creditron Financial Services
     and Telatron Marketing Group, Inc.
     C.A. No.: 04-0036

Dear Craig:

  Some of your answers to plaintiff's discovery are that the documents have previously been provided. I trust that you will agree that you have produced a large number of documents, and that it would be difficult if not impossible for me to determine which documents you produced relate to any specific request. This information is needed if we are going to have a meaningful mediation, and so I will focus on the specific things that I still need from you. Please keep in mind that this letter addresses only those areas that I feel are essential for mediation, and so plaintiff reserves the right to revisit the issue of outstanding discovery in the event we are unable to settle the case on the 18th. If you are unable or unwilling without a court order to comply with this request, my clients and I will assume for the purpose of mediation that no such documents exist.

  Interrogatory No. 3 of Plaintiff's Second Set of Interrogatories requests that defendants produce all documents which evidence and/or show the alleged decline in performance of the leads supplied by plaintiff. After reviewing the documents produced, I have not seen any documents that are responsive to this request. Please identify the specific documents which you intend to rely on at trial that fall within the scope of this specific request.

  Interrogatory No. 5 of Plaintiff's Second Set of Interrogatories requests that defendants produce all documents relating to certain projections. Your response was that defendants have been unable to locate such documents. We will assume that no such documents exist.

F

Craig A. Markham, Esquire
September 8, 2006
Page 2

  Interrogatory No. 6 of Plaintiff's Second Set of Interrogatories requests that defendants produce reports that relate to the calls that were made by Academic Lending Center. Regardless of the objections that were raised, it appears that the bottom line is that defendants have not preserved the information in a format that would permit production. I realize that the main excuse that the defendants have for not paying the plaintiffs is the alleged lack of quality of the lists plaintiffs provided. It is our position that an equally plausible explanation for any results which the defendants believe were unfavorable could be the failure of the defendants to make calls or make follow-up calls after applications were mailed out. If your clients did not retain records that would show whether their marketing efforts met industry standards, we intend to argue that any evidence about the quality of the lists should be inadmissible. We will also assume for mediation purposes that our motion in limine on this issue will be granted.

  Interrogatory No. 8 of Plaintiff's Second Set of Interrogatories requests that defendants produce all documents that reflect communications relating to funds received from Brazos and the disbursement of those funds. After reviewing the documents produced, I have not seen any documents that are communications to or from defendants' financial control group. Please identify the specific documents which you intend to rely on at trial that fall within the scope of this specific request.

  Interrogatory No. 11 of Plaintiff's Second Set of Interrogatories requests that defendants identify the amount and method of payment for all loans generated between January 9, 2004 and September 1, 2004. The loans that we are referring to are student loan consolidation loans similar to the loans that were the subject of the Agreement between the parties. With regard to your contention that plaintiff has no valid claim to payment from work and efforts defendants expended after plaintiff terminated the contract as of January 9, 2004, there may be some truth to that, but that does not make plaintiff's request objectionable. Keep in mind that in this industry, there is a cycle from the date of sale to the date of loan funding. Therefore, depending on the length of the cycle, any wires that the defendants received from Brazos in the first 60, 90, or even 120 days after January 9, 2004, would have to be as a result of the lists supplied by the plaintiff. A simple example of this would be a sale by defendants in the month of January 2004. It would be impossible for any wire received in January 2004 or February 2004 (if not later) to be from the defendants' post termination work. The industry just doesn't work that way. It is our position that we are entitled to know the amount and method of payment for all of these loans through September 1, 2004, and I again request that you immediately provide this information. I should add that the defendants did not terminate the contract because of poor performance by the plaintiff. Instead, it was the plaintiff who terminated the contract due to non-payment. Certainly an argument that could be made that plaintiff should be entitled to compensation through September 1, 2004, and when you take into consideration the concept of cycles, even beyond September 1, 2004.

Craig A. Markham, Esquire
September 8, 2006
Page 3

     Interrogatory No. 12 of Plaintiff's Second Set of Interrogatories requests that defendants produce the 32 point processing plan referred to in the Agreement. Your response was that defendants currently do not possess any such document. We will assume that no such document ever existed.

     I will get back to you Monday with additional requests about outstanding discovery, but in light of the September 18, 2006 mediation, I wanted to get the information in this letter to you as soon as possible.

                                Very truly yours,

                                CHARLES SNYDERMAN

CS/rjb

cc:    Brett Farrar, Esquire (via facsimile)
        Delaware Marketing Partners