IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELAWARE MARKETING PARTNERS,
LLC, a Delaware limited liability company,

                    Plaintiff         CA No.:  04-263

        v.                    JUDGE McLAUGHLIN AND
                                     MAGISTRATE JUDGE
CREDITRON FINANCIAL SERVICES,     SUSAN PARADISE BAXTER
INC, a Pennsylvania corporation, and,
TELATRON MARKETING GROUP,       TRIAL BY JURY DEMANDED
INC., a Pennsylvania corporation,

                                      **Electronically Filed**
                    Defendants

**PLAINTIFF'S REPLY TO DEFENDANTS' BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

     AND NOW, comes Plaintiff, Delaware Marketing Partners, LLC, by and through its attorneys, Dickie, McCamey & Chilcote, P.C., and files this Reply as follows:

     On September 22, 2006 Defendants filed a Counterclaim in this matter setting forth various causes of action and seeking damages in excess of $16,000,000.  On October 6, 2006 Plaintiff filed a Motion to Dismiss and Supporting Brief indicating why the Counterclaim should be dismissed.  Thereafter, on November 11, 2006 Defendants filed a Brief in Opposition to the Motion to Dismiss.  Plaintiff now files this Reply Brief to address arguments set forth in Defendants' Brief in Opposition and to further support dismissal of Defendants' Counterclaim.

I.   **Counts III and IV of Defendants' Counterclaim are not claims for recoupment and should be dismissed.**

Claims for recoupment do not seek affirmative relief from a plaintiff. Rather, under the doctrine of recoupment, a defendant is entitled to claim a deduction to lessen or defeat recovery by a plaintiff. Recoupment is not a set off because it is not in the nature of a cross demand. Recoupment merely lessens the recovery by the plaintiff and is limited to the amount of plaintiff's claims. Kasier v. Monitrend Investment Management, Inc., 672 A.2d 359, 363 (Pa. Commw. 1996). "The defense of recoupment, which arises out of the same transaction as plaintiff's claim, survives as long as the cause of action upon the claim exists. It is a doctrine of intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's claim in equity and good conscience should be reduced." Id.

Further, unlike a set off where an affirmative judgment is possible for any amount which the defendant establishes over and above that to which the plaintiff is entitled, no affirmative judgment is possible by recoupment. This is so because a recoupment involves only the claim asserted by the plaintiff without possibility of affirmative relief for the defendant, while a set off permits an affirmative judgment for the defendant. Harmer v. Hulsey, 467 A.2d 867, 869 (Pa. Super. 1983) As a result, "[c]ounterclaims asserted as recoupments have traditionally been permitted, even if raised after the limitations period has run, whereas set offs will not be permitted if late because a set off, in effect, raises a new cause of action." Harmer, 467 A.2d 867, 869 (counterclaim beyond statute of limitations not permitted and characterized as a set off because it raised the possibility of affirmative relief for appellant).

In the case before this Court, it is clear that Defendants' claims in Counts III and IV assert new causes of action, seek affirmative relief beyond Plaintiff's claims, are not claims for recoupment and should be dismissed.

Defendants argue that Count III is a claim for recoupment and therefore should not be dismissed. This argument is without merit. First, Defendants fail to acknowledge that Count III seeks an affirmative judgment of $16,288,863.00, far in excess of the amount that Plaintiff seeks to recover in this matter. Obviously, Defendants claim is much more than a mere deduction of Plaintiff's claims. Second, Defendants have attempted to allege a new cause of action in Count III for fraud/misrepresentation, which is different than the breach of contract claim asserted by Plaintiff in its Complaint. Count III seeks affirmative relief from Plaintiff and asserts new causes of action. Simply put, it is not a claim for recoupment and should be dismissed for the reasons set forth herein and in Plaintiff's Motion to Dismiss and supporting Brief.

Defendants also argue that Count IV of the Counterclaim is a claim for recoupment. This argument is also without merit. Again, Count IV seeks an affirmative judgment of $16,288,863.00, far in excess of the amount that Plaintiff seeks to recover in this matter, and is not merely a deduction of Plaintiff's claim. Second, Defendants assert facts regarding conspiracy and misappropriation, which are new and different than the breach of contract cause of action alleged by Plaintiff. Count IV is not a claim for recoupment and should be dismissed for the reasons set forth herein and in Plaintiff's Motion to Dismiss and supporting Brief.

Finally, Defendants argue that Count III and Count IV of the Counterclaim should be read as a claim for an offset and should be read consistently with the Second Defense asserted in Defendants' Answer, which states: "The Plaintiff's claims are barred or must be offset by the

3

Plaintiff's breach of its contractual obligations and duties owed to the Defendants." This argument has no merit.

First, if Defendants are arguing that a set off is permitted, this is contrary to the authority discussed above. Second, the Second Defense is premised upon the Plaintiff's actions in connection with contractual duties, not upon the affirmative claims set forth in Counts III and IV. Third, the Second Defense is not seeking affirmative relief in an amount greater than Plaintiff's claims. Simply put, Defendants' counterclaim is not merely a repeat of the Second Defense and this argument is without merit and should be disregarded. Finally, if Defendants concede that damages cannot be recovered for any of their claims for affirmative relief, and that at most Defendants could only reduce Plaintiff's recovery, Plaintiff respectfully requests that an Order be entered to reflect the same.

**II.    There is no mutual mistake of fact in the agreement between the parties.**

Defendants argue that an e-mail attached as Exhibit B to their Counterclaim contains a mathematical formula regarding the performance of mail campaigns under the agreement between the parties. Defendants argue that because this formula is incorrect and because it is a statement of fact, the contract between the parties should be rescinded. This argument ignores the nature of the e-mail and the circumstances surrounding the agreement between the parties. Upon examination, the e-mail clearly states that it is an estimate based upon nothing more than personal belief. Whether a mathematical formula is found within the e-mail does not transform the e-mail into something that it is not.

Defendants rely heavily upon Loyal Christian Benefit Association v. Bender, 493 A.2d 760 (Pa. Super. 1985) for their proposition that a mutual mistake exists in the case before this Court. In Loyal Christian Benefit Association, the parties entered into a written agreement

4

wherein Peach Street Investors assigned a leasehold interest in certain property to Loyal Christian Benefit Association. The agreement included a warranty provision to provide for a real estate tax exemption. After being forced to pay for certain tax liabilities, Loyal Christian Benefit Association brought an action to recover the amount and to enforce the provision for subsequent tax years. The court concluded that no mutual mistake existed and that the written contract was to be enforced. The court also determined that parole evidence should not be examined with respect to contract interpretation. Loyal Christian Benefit Association, 493 A.2d 760, 763.

The case before this Court is easily distinguishable from Loyal Christian Benefit Association. In this case, contrary to Loyal Christian Benefit Association, the alleged mutual mistake is not part of any written contract. Further, the parole evidence e-mail upon which Defendants rely is not, and cannot be, the basis of any bargain between the parties pursuant to the integration clause in the agreement between the parties and for the reasons more fully set forth in Plaintiff's Brief in Support of Motion to Dismiss discussing parole evidence.

**III.    The doctrines of necessary implication and good faith, as exceptions to the parole evidence rule, are not applicable in this matter.**

Defendants argue that the parole evidence rule should not apply in this matter due to the application of the doctrines of necessary implication and good faith. This argument has no merit. Case law states that these exceptions only apply when "it is abundantly clear that the parties intended to be bound by such terms." John B. Conomos, Inc. v. Sun Company, Inc., 831 A.2d 696, 706 (Pa. Super. 2003) quoting Kaplan v. Cablevision of PA, Inc., 671 A.2d 716, 720 (Pa. Super. 1996). Further, neither doctrine can imply terms that are not explicitly contemplated by contract. Id. Clearly, according to case law, both parties are required to have the intention to be bound by the evidence at issue. In the matter before this Court, the e-mail that Defendants would

5

like this Court to impose upon the contract between the parties is nothing more than estimations and personal beliefs by Mr. Estes as stated in the document itself. It is clear that Plaintiff had no intention to be bound by this document. As a result, the doctrines of necessary implication and good faith, as argued by Defendants do not apply. As a result, and for the reasons set forth in Plaintiff's Brief in Support of Motion to Dismiss, parole evidence is not permitted in this circumstance and Count I of Defendants' Counterclaim should be dismissed.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By   s/ *Brett W. Farrar*
    Steven W. Zoffer, Esq. (PA. I.D. #62497)
    szoffer@dmclaw.com
    Brett W. Farrar, Esq. (PA. I.D. #79217)
    bfarrar@dmclaw.com

Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
(412) 281-7272 Telephone
(412) 392-5367 Fax

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing Plaintiff's Reply to Defendants' Brief in Opposition to Plaintiff's Motion to Dismiss Counterclaim has been served this 29th day of November, 2006, through the Court's electronic delivery system to the counsel listed below:

    Craig A. Markham, Esquire
    Elderkin, Martin, Kelly & Messina
    150 East Eighth Street
    Erie, PA 16501-1819
    *Counsel for Defendants*

    Charles Snyderman, Esquire
    Charles Snyderman, P.A.
    Stoney Batter Office Building
    5301 Limestone Road, Suite 214
    Wilmington, DE 19808

    DICKIE, McCAMEY & CHILCOTE, P.C.

    By  *s/ Brett W. Farrar*
      Steven W. Zoffer, Esq.
      PA. I.D. #62497
      szoffer@dmclaw.com
      Brett W. Farrar, Esq.
      PA. I.D. #79217
      bfarrar@dmclaw.com

    Two PPG Place, Suite 400
    Pittsburgh, PA 15222-5402
    (412) 281-7272 Telephone
    (412) 392-5367 Fax

    Attorneys for Plaintiff