IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELAWARE MARKETING PARTNERS,
LLC, a Delaware limited liability company,

                Plaintiff

      v.

CREDITRON FINANCIAL SERVICES,
INC, a Pennsylvania corporation, and,
TELATRON MARKETING GROUP,
INC., a Pennsylvania corporation,

                Defendants

CA No.:  04-263

JUDGE McLAUGHLIN AND
MAGISTRATE JUDGE
  SUSAN PARADISE BAXTER

TRIAL BY JURY DEMANDED

**Electronically Filed**

**PLAINTIFF DELAWARE MARKETING PARTNERS, LLC'S OBJECTIONS TO THE
MAGISTRATE'S REPORT AND RECOMMENDATION
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Plaintiff, Delaware Marketing Partners, LLC, on or about January 16, 2004 filed its breach of contract action against Defendants, Creditron Financial Services, Inc. and Telatron Marketing Group, Inc., arising out of certain revenues associated with a Student Loan Origination and Marketing Agreement entered into between the parties.  This Agreement is attached as Exhibit 1 to the Plaintiff's Motion for Summary Judgment.

As fully discussed in Plaintiff's Brief in Support of Motion for Summary Judgment, the Agreement at issue in this case was drafted by Defendants, specifically Alfred D. Covatto, the Chief Executive Officer of Creditron Financial Corporation and Telatron Marketing Group, Inc., and the President of Academic Lending Center/Financial Services, Inc. and signed on behalf of Defendants by Alfred D. Covatto and Joyce Covatto, the President of Telatron Marketing Group, Inc.  (Exhibit 2, deposition of Alfred D. Covatto dated November 14, 2006, p. 11; Exhibit 4,

deposition of Joyce Covatto, pp. 43-44)[1]  The Agreement became effective September 1, 2002 and defines the parties' relationship.

Pursuant to the Agreement, the parties would work together to perform student loan acquisition services.  Each party was to receive a specified percentage of all gross revenues, i.e., commissions, received by the Defendants from the lenders who funded the student loans.  It was expressly agreed that Delaware Marketing Partners, LLC would be paid 28.57% of the gross revenues received by the Defendants from lenders as compensation for its efforts under the contract.  Defendants acknowledge and do not dispute this to be the case and the intent of the Agreement.  (Exhibit 3, deposition of Alfred D. Covatto dated November 15, 2006, pp. 6-9; Exhibit 4, p. 28)  Simply put, Delaware Marketing Partners was entitled to 28.57% of every wire transfer that was received by Defendants beginning in October of 2002 through termination of the Agreement and collection of revenues derived therefrom.

Notwithstanding the clear terms of the Agreement, the revenues received by Defendants under the Agreement, and the intent of the parties, Defendants, and specifically Mr. Covatto, unilaterally decided to not pay Delaware Marketing Partners, LLC any of the gross revenues due and owing.  In fact, not once during the term of the Agreement did the Defendants pay to Delaware Marketing Partners, LLC the agreed upon 28.57% of the gross revenues, or even disclose to Delaware Marketing Partners, LLC the actual amount of gross revenues received, despite the clear contractual mandate to do so.

The facts developed through discovery confirm that Delaware Marketing Partners, LLC provided services from the beginning of the contract through November 2003 under the assumption that it would be paid 28.57% of the gross revenues as compensation for its services.

---

[1] References are to those Exhibits in Delaware Marketing Partners, LLC's Motion for Summary Judgment.

Further, prior to November 2003 Defendants did not tell Delaware Marketing Partners, LLC that Defendants did not intend to pay Delaware Marketing Partners, LLC for services rendered. Defendants could have asserted their right to terminate the Agreement, but did not do so and this caused Delaware Marketing Partners, LLC to continue to perform services under the belief that it would be paid the 28.57% of the revenues as agreed.

In a Report and Recommendation dated June 25, 2007, the Honorable Susan Paradise Baxter, United States Magistrate, recommended that Delaware Marketing Partners, LLC's Motion for Summary Judgment regarding its breach of contract claims based upon the above noted undisputed facts should nevertheless be denied.[2] The Report and Recommendation specifically concludes that summary judgment regarding Delaware Marketing Partners, LLC's breach of contract claim be denied because the Magistrate Judge believes an issue exists concerning Delaware Marketing Partners, LLC's performance under the contract. (Report and Recommendation, p. 22)  The Court bases this conclusion on facts asserted by Defendants regarding quality of telemarketing lists and the volume of direct mail campaigns. (Report and Recommendation, pp. 22-23)

Set forth below are Delaware Marketing Partners, LLC's objections to this portion only of the Report and Recommendation.

---

[2] It should be noted that on September 22, 2006 Defendants filed a Counterclaim alleging various causes of action and seeking damages against Delaware Marketing Partners, LLC. Delaware Marketing Partners, LLC, as Counterclaim Defendant, filed a Motion to Dismiss and Motion for Summary Judgment with respect to the Counterclaim. The Court, in its Report and Recommendation, dismissed the Counterclaim in its entirety. Delaware Marketing Partners, LLC agrees with the Court's Report and Recommendation with respect to the Counterclaim and files no objections to that portion of the Report and Recommendation.

3

II.   **THE REPORT AND RECOMMENDATION INCORRECTLY CONCLUDES THAT DELAWARE MARKETING PARTNERS IS NOT ENTITLED TO 28.57% OF ALL GROSS REVENUES AS A MATTER OF LAW**

The contract provision at issue unambiguously sets forth how the gross revenues from the student loan acquisition services are to be allocated between the parties states:

> 4.   **ALLOCATION OF PROGRAM REVENUES**
>
> For the services provided by the parties, **TELATRON** [Defendants] shall distribute commission funds received as follows:
>
> a.   **DELAWARE MARKETING** shall be paid 28.57% of the gross revenues. Such payment shall be accomplished within seven (7) days after commission funds are received from the lender(s). **TELATRON** shall remit payment to **DELAWARE MARKETING** by wire transfer. **TELATRON** shall be entitled to 71.43% of the remaining gross revenues."

This clause does not require a qualitative assessment of the performance of either party's work, nor would it require a jury to inquire whether the work performed by Delaware Marketing Partners, LLC was in some manner substandard. In fact, such an inquiry is of no consequence to a proper application of the clear terms of the agreement. It is well established that the intent of the parties to a written contract is contained in the writing itself. Krizovensky v. Krizovensky, 425 Pa. Super. 204, 624 A.2d 638 (1993) (citing Steuart v. McChesney, 498 Pa. 45, 444 A.2d 659 (1982)). "When the words of a contract are clear and unambiguous, the intent is to be found only in the express language of the agreement. (Citation omitted). Clear contractual terms that are capable of one reasonable interpretation must be given effect without reference to matters outside the contract." Id. (citing D'Huy v. D'Huy, 390 Pa. Super. 509, 568 A.2d 1289 (1990)).

The parties entered into a written contract which contains clear and unambiguous terms governing the parties' relationship. This contract clearly provides that Defendants were required

to pay Delaware Marketing Partners, LLC 28.57% of all gross revenues that were received by Defendants pursuant to the Agreement. It is respectfully submitted that the Magistrate Judge's analysis on this point and consideration that substandard performance is a relevant factor to consider disregards the clear language of the contract and is improper. Further, Defendants' claims that Delaware Marketing Partners, LLC's services were in some manner inadequate (poor list quality and poor direct mail campaigns) and that revenues generated under the Agreement were less than expected have no significance under the terms of the Agreement drafted by Defendants. It is well established that contracts are to be construed against the drafting party. <u>Kiewit E. Co. v. L&R Constr. Co.</u>, 44 F.3d 1194, 1203 (3d Cir. 1995) (if agreement is ambiguous it is to be construed "most strongly" against the party who drafted it); <u>Rusiski v. Pribonic</u>, 515 A.2d 507, 510 (Pa. 1986); See also <u>J.W.S. Delavau, Inc. v. Eastern America Transport & Warehousing, Inc.</u>, 810 A.2d 672, 682 (Pa. Super. 2002).

Simply put, if <u>any</u> revenue was generated and thereafter collected by Defendants that resulted from the work and/or services performed under the contract, Delaware Marketing Partners, LLC is to be paid 28.57% of that revenue amount. This is the case whether the revenues generated and collected are more, or less, than originally anticipated. In its Report and Recommendation, the Magistrate Court fails to apply the clear terms of the contract to the undisputed facts concerning payment derived from the revenues generated and collected and Delaware Marketing Partners, LLC objects to the same.

**III.   CONCLUSION**

The Report and Recommendation incorrectly concludes that a question of fact exists with respect to Defendants' non-payment of 28.57% all gross revenues received by Defendants to Delaware Marketing Partners, LLC pursuant to the Student Loan Origination and Marketing

5

Agreement between the parties.  Pursuant to the clear and unambiguous terms of the Agreement, which Defendants drafted, this Court should determine that Defendants should pay these monies to Delaware Marketing Partners, LLC as a matter of law.

    Respectfully submitted,

    DICKIE, McCAMEY & CHILCOTE, P.C.

    By    s/ *Steven W. Zoffer*

        Steven W. Zoffer, Esq.
        PA. I.D. #62497
        szoffer@dmclaw.com

        Brett W. Farrar, Esq.
        PA. I.D. #79217
        bfarrar@dmclaw.com

    Two PPG Place, Suite 400
    Pittsburgh, PA  15222-5402
    (412) 281-7272 Telephone
    (412) 392-5367 Fax

    Attorneys for Plaintiff