IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE MARKETING PARTNERS, LLC, a Delaware limited liability company,<br><br>    Plaintiff<br><br>  v.<br><br>CREDITRON FINANCIAL SERVICES, INC, a Pennsylvania corporation, and, TELATRON MARKETING GROUP, INC., a Pennsylvania corporation,<br><br>    Defendants | CA No.:  04-263<br><br>JUDGE SEAN J. McLAUGHLIN and MAGISTRATE JUDGE<br> SUSAN PARADISE BAXTER<br><br>TRIAL BY JURY DEMANDED<br><br>**Electronically Filed** |

**PLAINTIFF DELAWARE MARKETING PARTNERS, LLC'S
RESPONSE TO DEFENDANTS' OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

  Delaware Marketing Partners, LLC files this Response to Defendants' Objections to Magistrate Judge's Report and Recommendation pursuant to W.D. Pa. L.R. 72.1.4.

  On June 25, 2007, the Honorable Susan Paradise Baxter entered a Report and Recommendation with respect to Delaware Marketing Partners, LLC's Motion to Dismiss and Motion for Summary Judgment regarding Defendants' Counterclaim filed against it.  The Magistrate Judge correctly ruled that the entirety of the Counterclaim should be dismissed. Specifically, with respect to the Motion to Dismiss, the Court concluded that Defendants' Count II and Count III be dismissed in their entirety, and that a portion of Count I, concerning frequency of mailing and quality of solicitation lists, be dismissed.  The court denied the Motion to Dismiss with respect to the remainder of Count I and Count IV.  The Court further ruled, however, upon Delaware Marketing Partners, LLC's Motion for Summary Judgment and granted the summary judgment as to the remainder of the claims asserted in Count I and Count IV of the Counterclaim.  Simply put, the Court recommends dismissal of the entirety of the Counterclaim.

In support of this Response, Delaware Marketing Partners, LLC incorporates by reference its Motion to Dismiss Defendants' Counterclaim, Brief in Support thereof and Reply to Defendants' Brief in Opposition to Plaintiffs' Motion to Dismiss Counterclaim. Delaware Marketing Partners, LLC also incorporates by reference its Motion for Summary Judgment and Brief in Support thereof.

## II.   DISCUSSION

### A.   The Magistrate Judge properly concluded that Count I of the Counterclaim should be dismissed.

With respect to Count I of the Counterclaim, the Magistrate Judge determined that portions of the Count be dismissed by Motion to Dismiss and that portions of this Count be dismissed by Motion for Summary Judgment. The Magistrate Judge correctly recommended that the entirety of Count I be dismissed and this Court should follow those recommendations.

#### 1.   Motion to Dismiss

The claims in Count I dismissed by the magistrate Judge pursuant to Delaware Marketing Partners, LLC's Motion to Dismiss are based upon Defendants' allegations of certain representations concerning the quantity of direct mail campaigns and the quality of solicitation lists allegedly made by Delaware Marketing Partners, LLC prior to the signing of the Student Loan Origination and Marketing Agreement between the parties.

The Magistrate Judge correctly noted that the contract between the parties is clear and unambiguous and is silent as to the frequency of direct mailings and the quality of the solicitation lists. (Report and Recommendation, pp. 6-7) Further, the Magistrate Judge noted that the contract between the parties contains an integration clause which specifically states that "this instrument and any exhibits hereto contain the entire agreement between the parties." (Report and Recommendation, p. 8) The Magistrate Judge recognized that the contract was drafted by

Defendants. (Report and Recommendation, p. 7) Finally, the Magistrate Judge also recognized well established case law which controls this matter. (Report and Recommendation, pp. 7-8)

Turning to the Student Loan Origination and Marketing Agreement and Exhibit 001 to same, none of Defendants' allegations regarding the 200,000 solicitations per month, the estimated gross revenues or the quality of the telemarketing solicitation lists are stated, or even referred to, by the terms of the contract. Nowhere in the written agreement does Plaintiff represent or warrant that its mail campaigns would consist of 200,000 solicitations monthly; that gross revenues would amount to approximately $2 million per month; or that the telemarketing solicitation lists would remain at a 95% usability quality. The Magistrate Judge correctly concluded that none of the alleged representations upon which Defendants rely for this breach of contract claim are found within the contract between the parties and that application of the parol evidence rule prohibits the Court from looking at evidence outside the four corners of the contract. (Report and Recommendation, p. 8)

The Magistrate Judge's recommendation is proper under controlling authority regarding the enforcement of written contracts, integration clauses and the parol evidence rule and should be followed. "When the words of a contract are clear and unambiguous, the intent is to be found only in the express language of the agreement. (Citation omitted). Clear contractual terms that are capable of one reasonable interpretation must be given effect without reference to matters outside the contract." *Krizovensky v. Krizovensky*, 425 Pa. Super. 204, 624 A.2d 638 (1993) (citing *D'Huy v. D'Huy*, 390 Pa. Super. 509, 568 A.2d 1289 (1990). *See also*, *Gemini Equip. v. Pennsylvania Supply*, 407 Pa. Super. 404, 413, 595 A.2d 1211, 1215 (1991) ("[T]he written contract, if unambiguous, must be held to express all of the negotiations, conversations, and agreements made prior to its execution, and neither oral testimony, nor prior written agreements are admissible to explain or vary the terms of such a contract.") Further, integration clauses are

3

enforced under Pennsylvania law. *National Cash Register Co. v. Modern Transfer Co.*, 302 A.2d 486, 489 (Pa. Super. 1973) ("Our Supreme Court has upheld 'integration' or 'merger' clauses in contracts, and have refused to admit parol or prior written agreements where the language of the contract is clear and unambiguous."); *McGuire v. Schneider, Inc.*, 534 A.2d 115, 117 (Pa. Super. 1987) ("The effect of an integration clause is to make the parol evidence rule particularly applicable.") Further, under the parol evidence rule when the parties' agreement has been reduced to writing, the actual intent of the parties is not relevant unless it has been expressed in the writing. An unexpressed understanding of one of the parties to the agreement has no legal significance and cannot be utilized to defeat what is actually manifested in the written contract. *Krizovensky*, *supra*. (*citing Paull v. Pivar*, 53 A.2d 826 (1947); *Warren v. Greenfield*, 595 A.2d 1308 (1991). Evidence as to preliminary negotiations or oral agreements and as to a prior or contemporaneous oral promise, representation or agreement are not admissible if it adds to, modifies, contradicts or conflicts with a written agreement which purportedly contains the entire agreement between the parties. *Lefkowitz v. Hummel Furniture Co.*, 385 Pa. 244, 247, 122 A.2d 802, 804 (1956).

   2.   **Motion for Summary Judgment**

The Magistrate Judge recommended that Delaware Marketing Partners. LLC's Motion for Summary Judgment regarding claims for violation of the confidentiality clause and covenant not to compete asserted in Count I of the Counterclaim be granted. (Report and Recommendation pp. 23-24)[1] The Magistrate Judge, after thorough review of all evidence submitted by all parties correctly recommended that there is no evidence of record to support

---

[1] The Magistrate Judge also correctly recommended the dismissal of Count IV regarding conspiracy claims for the same matters. (Report and Recommendation , pp. 23-24)

Defendants' claims that Delaware Marketing Partners, LLC took steps to improperly compete with Defendants.

As fully explained in Delaware Marketing Partners, LLC's Brief in Support of Summary Judgment, Defendants admit that they have no evidence, and nothing more than speculation and assumptions, with respect to their claims pertaining to Delaware Marketing Partners, LLC's alleged wrongful use of confidential and proprietary business information. (Exhibit 8 to Delaware Marketing Partners, LLC's Motion for Summary Judgment, deposition of Trish Disanti-Boehm, pp. 33, 41) In addition, Defendants admit that the parties' contract does not prohibit Delaware Marketing Partners, LLC or its principals from forming another company to compete with defendants, that defendants do not know of any confidential or proprietary information that Delaware Marketing Partners, LLC disclosed or provided to others, and that defendants, in fact, voluntarily provided to Delaware Marketing Partners, LLC telemarketing scripts and training manuals (the information which defendants claim is confidential and proprietary). (Exhibit 8 to Delaware Marketing Partners, LLC's Motion for Summary Judgment, pp. 30-33, 41) Defendants also acknowledge that Delaware Marketing Partners LLC did not terminate the parties' contract to weaken Defendants' competitive advantage, but rather because monies that were owed to Delaware Marketing Partners, LLC by Defendants had not been paid. (Exhibit 8 to Delaware Marketing Partners, LLC's Motion for Summary Judgment, pp. 57-61) Defendants admit that they have no evidence to support the allegations that Delaware Marketing Partners, LLC conspired with others to develop and operate a business to compete with defendants. (Exhibit 8 to Delaware Marketing Partners, LLC's Motion for Summary Judgment, pp. 48-51)

It is well established that a party cannot merely rely upon the allegations in his pleading to survive a motion for summary judgment and must set forth evidence showing there is a

genuine issue for trial.  Federal Rule of Civil Procedure 56(e); *Allianz Insurance Company v. Pennsylvania Orthopedic Associates, Inc. et al.*, 6 F.Supp.2d 424 (E.D. Pa. 1998); *Donahey v. Wellman*, 687 F.Supp. 195 (W.D. Pa. 1988).  Defendants merely incorporated by reference their response to Delaware Marketing Partners, LLC's Motion to Dismiss to support Defendants' summary judgment arguments because there is no evidence of record to refute Delaware Marketing Partners, LLC's arguments.  (Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment, p. 11)  The Magistrate Judge was intimately familiar with the history of this case, the discovery that had been produced voluntarily and as a result of numerous motions to compel filed by Delaware Marketing Partners, LLC, and carefully considered the evidence of record when making its decision.  The recommendation should be followed.

      **B.**    **The Magistrate Judge properly concluded that Count II of the Counterclaim should be dismissed.**

The Magistrate Judge correctly concluded that Defendants' claims regarding the projected amount of revenues to be generated by the mailing campaigns and/or the telemarketing calls cannot form a factual basis for mutual mistake.  (Report and Recommendation, p. 10)  Case law clearly provides that "'a party's prediction or judgment as to events to occur in the future, even if erroneous, is not a 'mistake'...."  *Hartford Accident & Indemnity Co.*, 1998 U.S.Dist.Lexis 5326 at *7 (quoting *Restatement (Second) of Contracts* §151, Comment (a)).  Simply put, "erroneous predictions of future events do not qualify as a mistake."  *Consol Rail. Corp. v. Portlight, Inc.*, 188 F.3d 93, 96 (3d Cir. 1999).  The Magistrate Judge correctly concluded that Defendants' allegations regarding the alleged projected revenue are merely disappointed expectations of future events and Defendants have failed to state a cognizable claim.  (Report and Recommendation, p. 10)  This recommendation is proper and should be followed.

    **C.    The Magistrate Judge properly concluded that Count III of the Counterclaim should be dismissed.**

    **1.    Statute of limitations and discovery rule**

With respect to Defendants' fraud claim, the Magistrate judge analyzed the applicable two year statute of limitations, as well as the discovery rule, and correctly determined that Defendants' claim is barred by the statute of limitations. (Report and Recommendation, pp. 14-15) The Magistrate Judge determined that, even when considering the discovery rule, Defendants, as of at least the end of April 2003, were on notice that Delaware Marketing Partners, LLC was not providing monthly mailings or generating revenues according to Defendants' allegations of pre-contract promises. As a result of the failed expectations which Defendants allege caused them to enter into the contract, Defendants as of April 2003 should have exercised some reasonable diligence to determine the source of the alleged failure. (Report and Recommendation, p. 14)

It is clear that "a claim accrues when a plaintiff is damaged, not when the precise amount or extent of the damage is realized." *Schnelling*, 2004 U.S. Dist. LEXIS 15628 at *6 ("The damage to PSCC occurred when it became aware that the escrow accounts were not created in June 2001.") (*citing Barnes v. Amer. Tobacco Co.*, 161 F.3d 127, 136 (3d Cir. 1998) "A claim under Pennsylvania law accrues at the occurrence of the final significant event necessary to make the claim suable."). Further, a plaintiff is expected to exercise reasonable diligence to ascertain the existence and cause of an injury. *See Sheet Metal Workers, Local 19 v. 2300 Group, Inc.*, 949 F.2d 1274, 1281 (3d Cir. 1991) and other authority cited by the Magistrate Judge in its Report and Recommendation. (Report and Recommendation, p. 13) Defendants failed to file their Counterclaim alleging fraud until September 22, 2006, more than two years after any alleged damage could have accrued. Further, Defendants failed to exercise any reasonable

diligence to toll the statute. The Magistrate Judge correctly analyzed the record evidence and properly concluded that Count III should be dismissed.

It is well established that the commencement period for the initiation of an action can be determined as a matter of law when the facts are so clear that reasonable minds cannot differ as to whether a plaintiff exercised reasonable diligence in pursuing a matter. *Mest v. Cabot Corp*, 449 F.3d 502 (3d Cir. 2006); *Cochran v. GAF Corporation et al.*, 666 A.2d 245 (Pa. 1995). Such is the case in this instance and the Magistrate Judge properly concluded that Defendants' claims should be dismissed.

### 2.     **Recoupment and relation back**

The Magistrate Judge properly concluded that Defendants' Counterclaim in Count III is not a claim for recoupment, and, as a result, subject to a two year statute of limitations. (Report and Recommendation, p. 16) The facts of this case support this conclusion. First, in Count III Defendants seek an affirmative judgment of $16,288,863.00, an amount far in excess of that which Delaware Marketing Partners, LLC seeks to recover in this matter. Defendants' claim is much more than a mere deduction of Delaware Marketing Partners, LLC's claims. Second, Defendants allege a new cause of action in Count III for fraud/misrepresentation, which is different than the breach of contract claim asserted by Delaware Marketing Partners, LLC in its Complaint. Count III seeks affirmative relief from Delaware Marketing Partners, LLC and asserts new causes of action against it.

Case law clearly supports the Magistrate Judge's recommendation. Recoupment is purely a defensive counterclaim in which a defendant sets up a claim owed to him by the plaintiff. It merely reduces or satisfies a plaintiff's claim and does not permit affirmative judgment for a defendant. *Kasier v. Monitrend Investment Management, Inc.*, 672 A.2d 359, 363 (Pa. Commw. Ct. 1996); *Harmer v. Husley*, 467 A.2d 867, 869 (Pa. Super. 1983). See also the

authority cited by the Magistrate Judge in the Report and Recommendation. (Report and Recommendation, pp. 15-16)

Count III is not a claim for recoupment and the Magistrate Judge's ruling regarding the same is proper.

Finally, Defendants now for the first time argue that Count III of the Counterclaim should be permitted under a relation back theory. This argument should be rejected because it has been waived. Case law is clear that when arguments are raised for the first time in objections to a Magistrate Judge's Report and Recommendation those arguments are waived. *Buehl v. Beard, et al.*, 2007 U.S. Dist. LEXIS 45782 (W.D.Pa. June 25, 2007), *citing Jimenez v. Barnhart*, 46 Fed.Appx. 684 (3d Cir. 2002); *Laborers' Int'l Union of N.A. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) and other authority. Defendants did not raise this argument before the Magistrate Judge in response to Delaware Marketing Partners, LLC's Motion to Dismiss or to its Motion for Summary Judgment. Defendants have waived this argument.

Alternatively, if this Court decides to address this argument, it fails on the merits because it violates applicable case law. As discussed in *Davis v. Berks County*, 2007 U.S. Dist. LEXIS 9892 at * 35-36 (W.D.Pa. February 9, 2007), it is clear that the case law upon which Defendants most heavily rely, *Perfect Plastics Industries, Inc. v. Cars & Concepts, Inc., et al.*, 758 F. Supp. 1080 (W.D.Pa. 1991), is not controlling in this matter. As discussed in *Davis*, the defendant in *Perfect Plastics* had apparently filed a timely counterclaim and was attempting to amend or add an additional counterclaim to the previously filed counterclaim. Such was not the case in *Davis*, which concluded that the counterclaim filed by the defendant in *Davis* was time barred. As in *Davis*, the Defendants' Counterclaim against Delaware Marketing Partners, LLC in this matter is barred because the Counterclaim is asserting a new and affirmative fraud cause of action not previously alleged. Further, it is improper to permit an untimely affirmative counterclaim under

9

Federal Rule of Civil Procedure 13(f). *Gumienik v. Lund*, 314 F. Supp. 749, 750 (W.D.Pa. 1970) (statute of limitations involves questions of state law and where a claimant is barred from recovery in state court he is likewise barred in federal court). Defendants' argument fails on the merits.

    **D.**    **The Magistrate Judge properly concluded that Count IV of the Counter claim should be dismissed.**

Count IV of Defendants' Counterclaim asserted conspiracy theories based upon the same breach of contract claims (non-compete and confidentiality clauses) asserted in Count I. The Magistrate Judge carefully analyzed the record and properly concluded that these allegations have no support in the record. Rather, Defendants merely incorporated by reference their response to Delaware Marketing Partners, LLC's Motion to Dismiss to argue against Delaware Marketing Partners, LLC's summary judgment. (Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment, p. 11) For the reasons set forth above in section A(2) of this Response, the Magistrate Judge's recommendation should be followed.

        Respectfully submitted,

        DICKIE, McCAMEY & CHILCOTE, P.C.

        By   *s/ Steven W. Zoffer*
           Steven W. Zoffer, Esq.
           PA. I.D. #62497
           szoffer@dmclaw.com

           Brett W. Farrar, Esq.
           PA. I.D. #79217
           bfarrar@dmclaw.com

        Two PPG Place, Suite 400
        Pittsburgh, PA 15222-5402
        (412) 281-7272 Telephone
        (412) 392-5367 Fax

        Attorneys for Plaintiff