UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE MARKETING PARTNERS, LLC, a Delaware limited liability company,<br>　　　　Plaintiff<br><br>　　　v.<br><br>CREDITRON FINANCIAL SERVICES, INC., a Pennsylvania corporation, and TELATRON MARKETING GROUP, INC., a Pennsylvania corporation,<br>　　　　Defendants | C.A. No.: 04 - 263 |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

1. In civil cases such as this one, the Plaintiff has the burden of proving those contentions that entitle it to relief.

When a party has the burden of proof on a particular issue, the party's contention on that issue must be established by a fair preponderance of the evidence. The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side. Onto one side of the scale, place all of the evidence favorable to the Plaintiff; onto the other, place all of the evidence favorable to the Defendants. If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree, in favor of the Plaintiff, your verdict must be for the Plaintiff. If the scales tip in favor of the Defendants, or are equally balanced, your verdict must be for the Defendants.

The Plaintiff has asserted that, under the parties' contract, Plaintiff is entitled to a commission payment from the Defendants with respect to those revenues which come specifically from the Defendants' use of those telemarketing lists which were produced by the Plaintiff. The Plaintiff asserts that it is even entitled to such commissions on revenues generated after the Plaintiff terminated had the contract on January 9, 2004. The Defendants contend that, under the parties' contract, Plaintiff is not entitled to any commissions on those revenues received after January 9, 2004 and that, in any event, the Plaintiff has not proven by a preponderance of the evidence the amount of revenues which were generated after January 9. 2004 by the use of those lists which Plaintiff had provided.

The Plaintiff has the burden of proof, by a preponderance of the evidence, of all facts which are necessary to entitle the Plaintiff to the recovery it has claimed. If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the Plaintiff. Otherwise, your verdict should be for the Defendants.

2. The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence. It is a factor, but only one of many factors that you should consider. Whether the witnesses appear to be biased or unbiased or whether they are interested or disinterested persons, are among the important factors that indicate the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witness or witnesses, and which evidence, you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to

believe his or her testimony in preference to theirs. Obviously, however, where the testimony of the witnesses appears to you to be of the same quality, the weight of numbers assumes particular significance.

3. You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been wilfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes he or she remembers incorrectly. It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA


By /s/ Craig A. Markham
　　Craig A. Markham, Esquire
　　Attorney for Defendants
　　150 East Eighth Street
　　Erie, Pennsylvania 16501
　　(814) 456-4000