UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE MARKETING PARTNERS, LLC, a Delaware limited liability company, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No.: 04-263 Erie ) ) Judge McLaughlin |
| CREDITRON FINANCIAL SERVICES, INC., a Pennsylvania corporation, and TELATRON MARKETING GROUP, INC., a Pennsylvania corporation, | ) Magistrate Judge Baxter ) ) ) ) TRIAL BY JURY DEMANDED |
| Defendants. | ) ) |

STIPULATED JUDGMENT AND FINAL ORDER

  WHEREAS, the Plaintiff, Delaware Marketing Group, Inc., ("DMP") filed suit against Creditron Financial Services Inc. and Telatron Marketing Group, Inc. (collectively "Telatron") for payments allegedly due from Telatron to DMP under a written contract dated September 1, 2003, entitled "Student Loan Origination and Marketing Agreement" ("Subject Contract");

  WHEREAS, under the Subject Contract, DMP was to be paid a commission by Telatron in the dollar amount calculated as 28.57% of the gross revenues received by Telatron with respect to the student loan consolidation work being performed by the parties under the Subject Contract. DMP alleged that Telatron owed DMP a certain dollar amount of commissions on these revenues received by Telatron; AND

  WHEREAS, Telatron agreed that it had not paid DMP the full 28.57% of gross revenues which it had received, but denied all further liability to DMP and, to the contrary, filed a counterclaim against DMP alleging certain damages and losses arising from DMP's alleged unacceptable performance and DMP's alleged breach of a non-compete provision and a confidentiality provision of the Subject Contract; AND

  WHEREAS, the District Court entered certain Orders adverse to Telatron's defenses and Telatron's counterclaim, including the entry of partial summary judgment in DMP's favor on the issue of Telatron's liability to DMP under the Subject Contract, the entry of summary judgment against Telatron on its counterclaim, and the denial of Telatron's motion in limine regarding the issue of whether DMP is entitled to commissions on those revenues received by Telatron after the date on which DMP terminated the Subject Contract. Telatron intends to appeal these adverse rulings; AND

WHEREAS, as a result of the District Court's rulings, the only issue left for a trial was the determination of the net dollar amount of commissions which Telatron owes DMP under the Subject Contract. There is no dispute of fact between the parties over the dollar amount of revenues received by Telatron during the disputed time frame; AND

DMP, by and through its counsel, and Telatron, by and through their counsel, have agreed to the entry of this Stipulated Final Judgment ("Final Judgment") by this Court in order to resolve all matters arising out of the facts alleged in the complaint and in dispute in this action.

NOW THEREFORE, in consideration of the mutual promises and covenants set forth herein, and intending to be legally bound hereby, the parties do hereby agree and stipulate to the following terms and conditions and respectfully request that the court enter an Order approving and incorporating the same:

1. All of the foregoing paragraphs are hereby incorporated by reference as if set forth below and thereby become a part of the terms and conditions of this Stipulated Judgment.

2. Telatron received gross revenues of $12,180,326.69 through March 31, 2004 by virtue of the telemarketing lists provided by DMP. Pursuant to the Subject Contract, DMP's commissions on these revenues would be $3,480,724.94. Telatron has thus far paid DMP $754,507.45. Additionally, DMP owed Telatron $142,850.00 in start-up expenses, as detailed in the Subject Contract. Telatron also owed DMP $64,964.92 for Telatron's share of the costs of the direct mailing costs incurred by DMP. Therefore, in light of the District Court's rulings on the issues of liability and on Telatron's counterclaim, the net amount Telatron owes DMP under the Subject Contract is $2,647,526.81.

3. Telatron hereby reserves and maintains all of its right to file a notice of appeal, to secure appellate review and/or to otherwise appeal the Orders entered by the District Court and Telatron intends to timely file such a notice of appeal.

4. DMP agrees and promises that, even if Telatron does not obtain and file proof of a surety bond or otherwise obtain a supersedeas or stay pending appeal, DMP will not cause nor permit any action to be taken to execute or otherwise collect on the judgment entered against Telatron so long as there is an appeal pending in the United States Court of Appeals for the Third Circuit or with the United States Supreme Court. This agreement shall be binding on DMP, its successors and assigns.

5. a. If, during the pendency of any appeal filed by Telatron, Telatron is sold, Telatron agrees to escrow funds received as a result of that sale, as described herein.

b. Telatron agrees that if there are sufficient net funds from any such sale, Telatron will escrow from the purchase price paid to it the sum of $2,647,526.81 in an interest bearing account which shall be paid to DMP in the event that Telatron's appeals do not result in a reversal or modification of the District Court's rulings. If the net amount of the purchase price is not equal to or greater than $2,647,526.81, then the amount to be escrowed will be that net amount which

is available.

   c. In the event that Telatron's appeals result in a reversal or modification of the District Court's rulings, the escrowed funds will remain in escrow until there has been a final resolution of all claims in this litigation, including the exhaustion of all appeals, at which time the funds shall first be applied toward the satisfaction of any judgment in favor of DMP. If there are any funds remaining in escrow, such funds will be paid to Telatron.

   d. The escrow agent shall be the law firm of Elderkin, Martin, Kelly & Messina.

6. This Stipulated Judgment is binding upon DMP and Telatron, and upon their respective successors and assigns.

7. Judgment shall be entered in favor of DMP and against defendants, jointly and severally, in the amount of $2,647,526.81, and post-judgment interest shall accrue pursuant to the applicable Rules of Civil Procedure and federal law.

   **SO ORDERED** this _____ day of February, 2008.

   _____
   Honorable Sean J. McLaughlin
   United States District Judge

The parties hereby stipulate and agree to the terms and conditions set forth above and consent to the entry of this Final Judgment, dated this 15th day of February, 2008.

| FOR THE PLAINTIFF | FOR THE DEFENDANTS |
|---|---|
| DICKIE, McCAMEY & CHILCOTE, P.C. | ELDERKIN, MARTIN, KELLY & MESSINA |
| By /s/ Steven W. Zoffer<br>Steven W. Zoffer, Esq.<br>PA. I.D. #62497<br>szoffer@dmclaw.com<br>Brett W. Farrar, Esq.<br>PA. I.D. #79217<br>bfarrar@dmclaw.com | By /s/ Craig A. Markham<br>Craig A. Markham, Esq.<br>PA. I.D. #38531<br>camarkham@elderkinlaw.com |
| Two PPG Place, Suite 400<br>Pittsburgh, PA  15222-5402<br>(412) 281-7272 Telephone<br>(412) 392-5367 Fax | 150 East 8th Street<br>Erie, PA 16501<br>(814) 456-4000 Telephone<br>(814) 454-7411 Fax |

CHARLES SNYDERMAN, P.A

By /s/ Charles Snyderman
Charles Snyderman, Esquire
DE Bar I.D. No. 426
csnyderman@snydermanlaw.com

5301 Limestone Road, Suite 214
Wilmington, DE 19808
(302) 239-1140 Telephone
(302) 239-2124 Fax